UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RYAN J. CRAIG :
:
vs. : CA 04-472-S
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Ryan J. Craig has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Motion is denied.

BACKGROUND AND TRAVEL

On August 28, 2003, Craig pled guilty to a one-count information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 373 and § 1343.

The Presentence Investigative Report (PSR) prepared by the United States Probation Office found the base offense level for Craig's offense to be six. The PSR assigned an eight-point enhancement based on a total attempted loss of $82,768. In addition, a two-level enhancement was imposed because Craig's offense involved 40 victims. Craig received a further two-level enhancement based on his role as an organizer and leader of the criminal activity. This enhancement was based on Craig's actions in soliciting the services of a partner, Arthur Jordan, creating the false auctions, choosing the fictitious goods to be auctioned and the winning bids, and making arrangements for payment by each

victim. Craig admitted to the foregoing conduct at his change of plea hearing. See Transcript of Change of Plea Hearing of Craig J. Ryan conducted on August 28, 2003 ("Plea Tr.") at 15-18.

After a three-point reduction for acceptance of responsibility, the total offense level for Craig's offense was 15. Based on Craig's criminal history category of III, the resulting guideline range was 24-30 months. On November 26, 2003, Craig was sentenced to 27 months imprisonment, followed by three years of supervised release. Judgment on the conviction was entered on December 3, 2003, and Craig did not file any direct appeal within the time permitted. See Fed. R. App. P. 4(b)(1)(A)(i) (appeals from criminal convictions must be filed within 10 days of judgment)

On September 9, 2004, Craig filed a form entitled "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" with this Court, which he described in his cover letter as an "appeal" of his federal sentence. That document and Craig's criminal file were transmitted to the Court of Appeals. At the request of the First Circuit, Craig subsequently clarified that his "appeal" was actually a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). The appeal was terminated and the case re-transferred to this Court. See Judgment entered on November 4, 2004 in Dkt. No. 04-2232 (1st Cir.).

The Motion to Vacate was re-filed as the instant action. In his Motion Craig asserts only one ground for relief, that he "was

sentenced with enhancements not included in a guilty plea or found by a jury." See Motion to Vacate, ¶ 12A. The Government responded on December 14, 2004, and Craig filed a reply (or "Traverse") on January 3, 2005. The case is ready for decision.[1]

DISCUSSION

A. General Principles

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255, ¶ 1.

Generally, the grounds justifying relief under § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 185, (1979) ("an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently

[1] Although Craig has requested a hearing, no hearing is necessary in this matter. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) ("Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief . . . .") (internal quotations omitted); Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing required where facts are not disputed and district judge is thoroughly familiar with case).

results in a complete miscarriage of justice") (internal quotations and citation omitted).

Moreover, a motion under § 2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999).

The claim asserted here need not detain this Court for long. Essentially, Craig contends that his sentence was enhanced based on findings made by this Court at sentencing, in violation of the ruling in Blakely v. Washington, 542 U.S. 296 (2004). See Traverse at 6-11. Blakely held that any sentencing factor that increases the statutory maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. Blakely, 542 U.S. at 304-305.

"Blakely claims are now viewed through the lens of United States v. Booker, 543 U.S. 220 (2005)." Cirilo-Munoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005). Therefore, Craig's claim becomes one asserting that his sentence was enhanced in violation of Booker, which applied the Court's holding in Blakely to the Federal Sentencing Guidelines. Booker, 543 U.S. at 243-244.

This argument fails in two respects. First, neither Booker nor Blakely is retroactively applicable to cases on collateral review. See United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) (Booker claims); Cirilo-Munoz, 404 F.3d at 532 (1st Cir. 2005) (Booker claims); Cuevas v. Derosa, 386 F.3d 367, 368 (1st Cir. 2004) (Blakely claims). Craig's conviction became final on or about December 15, 2003, more than six months prior to the decision in Blakely. Thus, Craig's reliance on these cases is fruitless, since Blakely and Booker are not applied retroactively to the instant collateral proceeding.

Second, Craig's claim is without merit in any event. In Booker the Supreme Court held, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (emphasis added). Here, the enhancements to Craig's sentence were based on the amount of the attempted loss ($82,768);[2] the number of victims involved in Craig's offenses (40); and his role as an organizer and leader of the criminal activity (i.e., his solicitation and retention of a partner and the resultant criminal activities). It

---

[2] Although this $82,768 amount was higher than the $77,067 actual loss to which Craig admitted as part of his plea, the difference was inconsequential to the calculation of his guideline sentencing range, because under USSG § 2B1.1(b)(1)(E), the monetary range for the eight-point enhancement was $70,000 - $120,000.

is undisputed that Craig admitted to the foregoing facts in the course of pleading guilty. See Plea Tr. at 15-18.

In short, because the sentencing enhancements at issue here were based on facts admitted by Craig, his claim under Blakely and Booker, even if those cases were retroactively applicable -- which they are not -- must fail.

CONCLUSION

In view of the foregoing considerations, the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and DISMISSED.

So Ordered:

William E. Smith
United States District Judge
6/5/06